OPINION
{¶ 1} This matter is before the Court on the Appeal of Harry "Taco" Bowman, former international president of the American Outlaws Association. He is serving a life sentence without the possibility of parole at the United States Penitentiary in Atlanta, Georgia, following conviction in the U.S. District Court, Middle District of Florida. His conviction and sentence have been affirmed on appeal. In his mandamus action, he sought records relating to activities in and around the Outlaws' Clubhouse, located at 272 North Landsdown Ave., in Trotwood, Ohio, for post-conviction relief purposes. The trial court granted judgment against him on the pleadings.
 I {¶ 2} We will address Appellant's Assignments of Error together. They are as follows:
 {¶ 3} "THE LOWER COURT ERRED IN DENYING BOWMAN ACCESS TO PUBLIC RECORDS BASED ON NON-COMPLIANCE WITH O.R.C. SECTION 149.43(B)(4), WHICH REQUIRES INCARCERATED PERSON(S) TO SEEK AND RECEIVE A FINDING FROM SENTENCING JUDGE THAT A `JUSTIFIABLE' CLAIM EXISTS FOR RELEASE OF RECORDS"
 {¶ 4} "THE LOWER COURT ERRED IN DENYING BOWMAN'S MANDAMUS BY FINDING THAT BOWMAN FAILED TO MEET TRIPARTATE TEST FOR AUTHORIZATION OF MANDAMUS"
 {¶ 5} "A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions." Coon v. Technical Construction Specialties,Inc., Summit App. No. 22317, 2005-Ohio-4080. Review of such motions is de novo. Id.
 {¶ 6} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "`cannot expect or demand special treatment from the judge, who is to sit an as impartial arbiter.'" Id. (internal citations omitted.)
 {¶ 7} "A writ of mandamus is an order * * * to a public officer to perform an act which the law specifically enjoins as a duty resulting from his office." State ex rel. Hodges v. Taft (1992), 64 Ohio St. 3d 1, 3
(citing R.C. 2731.01). To permit a writ of mandamus, "a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law." Id.
(internal citations omitted.) In a mandamus matter, the court "cannot create the legal duty the relator would enforce through it; creation of the duty is the distinct function of the legislative branch of government." Id. (internal citations omitted.) "A writ cannot issue to control an officer's exercise of discretion, but it can be issued to compel him to exercise it when he has a clear legal duty to do so." Id.
at 4.
 {¶ 8} R.C. 149.43(B)(4) provides as follows:
 {¶ 9} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
 {¶ 10} "[A] defendant in a criminal case who has exhausted the direct appeals of his conviction may not avail himself of R.C. 149.43 to support a post-conviction relief petition." State ex rel. Arnold v. Department ofPublic Safety Division of Police (Nov. 30, 2000), Cuyahoga App. No. 78504."
 {¶ 11} Further, Appellant has not shown that he attempted to satisfy the requirements of R.C. 149.43(B)(4) by means of a petition addressed to the federal judge who imposed his sentence, arguing only that "Federal Rules of Criminal Procedure do not allow any judicial vehicle (motion, petition, etc) to make such a request." He has failed to demonstrate that the federal judge has found that the documents Appellant seeks are necessary to support a justiciable claim. Finally, Appellant may not rely upon R.C. 149.43 to uphold his post-conviction relief efforts. Appellant's assignments of error are overruled.
 {¶ 12} The trial court's judgment is affirmed.
WOLFF, J., and FAIN, J., concur.