[Cite as *State v. Wilson*, 2011-Ohio-4195.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :    C.A. CASE NO. 23734

vs.                              :    T.C. CASE NO. 04CR2632

ANTHONY L. WILSON               :    (Criminal Appeal from
                                      Common Pleas Court
    Defendant-Appellant        :

. . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2011.

. . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Timothy J. Cole, Asst. Pros. Attorney, Atty. Reg. No. 0084117, P.O. Box 972, Dayton, OH 45422

    Attorney for Plaintiff-Appellee

Anthony L. Wilson, #567-649, P.O. Box 69, London, OH 43140
    Defendant-Appellant, Pro Se

. . . . . . . .

GRADY, P.J.:

On October 7, 2009, the common pleas court denied Defendant Anthony Wilson's request made pursuant to the Ohio Public Records Act for copies of certain documents related to Defendant's conviction in common pleas court case number 2004CR02632. Wilson was then incarcerated pursuant to a criminal conviction in another

case. The court found that Wilson failed to demonstrate "that the information sought in the public record is necessary to support what appears to be a justiciable controversy."

Wilson filed an application for reconsideration. Wilson averred that the records he requested are needed "for exhausting executive remedies (clemency)," adding:

"Those documents are required to be attached to such petition to validate petitioner criminal history in seeking clemency relief. Public records needed for this petition consist of; Police Report, Indictment, and Judgment Entries, etc."

The trial court denied Wilson's application for again failing to show "how his claim of a clemency application is justiciable." Wilson appeals.

## ASSIGNMENT OF ERROR

"TRIAL COURT COMMITTED PREJUDICE ERROR BY DENYING DEFENDANT ACCESS TO INSPECT AND COPY THE PUBLIC RECORDS IN VIOLATION OF OHIO AND UNITED STATES CONSTITUTION AND PURSUANT TO O.R.C. 149.43(B)(8)."

R.C. 149.43(A)(1) defines a public record to include "records kept by any public office." R.C. 149.43(B)(1) provides that, "subject to division (B)(8) of this section, upon request, a public officer or person responsible for public records shall make copies of the requested public record available at cost and within a

reasonable period of time."

R.C. 149.43(B)(8) states:

"A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."

A "justiciable claim" is a claim properly brought before a court of justice for relief.  Clemency is the power to grant reprieves, commutations, and pardons for crimes and offenses. Section 11, Article II of the Ohio Constitution confers that power on the governor.  That grant of power is exclusive.  The power may not be exercised by a court of justice.  Therefore, an application for clemency is not "a justiciable claim" for purposes

of R.C. 149.43(B)(8).  The trial court was not required to provide copies of the records Wilson requested.[1]

We are troubled by the "justiciable claim" exception in R.C. 149.43(B)(8) we are required by the express terms of that section to enforce.  Section 11, Article II confers power on the governor to grant reprieves, commutations, and pardons for all crimes and offenses, " . . .subject, however, to such regulations, as to the manner of applying for pardons as may be prescribed by law."  R.C. 2967.07 provides that applications for clemency shall be presented in writing to the adult parole authority.  The parole board has issued Instructions and Guidelines[2] that require applicants to provide copies of indictments and judgments of conviction for each crime for which clemency is requested, adding: "These documents can be obtained from the sentencing county and may require payment of a copying fee."  We urge the General Assembly to consider an exception to the justiciable controversy requirement in R.C. 149.43(B)(8) to permit a convicted defendant who wishes to apply for clemency to obtain the needed documents.

The assignment of error is overruled.  The judgment from which the appeal is taken will be affirmed.

---

[1] To our knowledge, neither the court nor its clerk maintains or is otherwise responsible to keep police reports.

[2] See WWW.drc.ohio.gov/web/Forms/DRC3068 instructions.pdf

**FAIN, J. And HALL, J., concur.**

**Copies mailed to:**

**Timothy J. Cole, Esq.**
**Anthony L. Wilson**
**Hon. Connie S. Price**