[Cite as *State v. Atakpu*, 2013-Ohio-4392.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

PETER JEMMA ATAKPU

      Defendant-Appellant


Appellate Case No.    25232

Trial Court Case No.   1999-CR-2375
                        1999-CR-0382
(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

PETER JEMMA ATAKPU, Inmate No. 329-309, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601
      Defendant-Appellant-*Pro Se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Appellant, Peter J. Atakpu, appeals from an order holding that he is not entitled to enforce a public records request.   The issue presented by this appeal is whether the trial court abused its discretion when it found that Atakpu, a prison inmate whose appeals were either exhausted or time-barred, was not entitled to enforce a public records request without first demonstrating that the records were necessary to support a justiciable claim under R.C. 149.43(B)(8).

{¶ 2}    We conclude that the trial court did not err in overruling Atakpu's motion for public records.   Atakpu failed to identify pending judicial proceedings that would suffice under the heightened requirements for incarcerated inmates seeking public records under R.C.149.43(B)(8).   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3}    Appellant, Peter J. Atakpu, was convicted of multiple offenses in Montgomery County Common Pleas Court on April 6, 2000.   After pleading guilty to the offenses, Atakpu was sentenced to a total of thirty-four years to life in prison.   Atakpu did not appeal his convictions.

{¶ 4}    On February 28, 2012, Atakpu, acting pro se, filed a motion and affidavit requesting documents pertaining to his criminal case.   The State then filed a memorandum in opposition on March 9, 2012. Subsequently, the trial court overruled Atakpu's motion on May 9, 2012.   On June 4, 2012, Atakpu filed a timely notice of appeal from the trial court's decision.

## II. Did The Trial Court Abuse Its Discretion When It

## Failed to Provide Appellant With Transcripts?

**{¶ 5}** Atakpu's sole assignment of error states that:

The trial court abused its discretion and erred when it failed to give the Appellant, Peter Atakpu, his transcripts so he can appeal his case as a matter of right under both the State and Federal Constitutions.

**{¶ 6}** Under this assignment of error, Atakpu contends that the trial court abused its discretion when it failed to provide him with copies of his transcripts. The trial court considered the request and issued the following decision:

The Defendant in the above-captioned case has made a pro se request for a copy of the public record concerning the criminal investigation and/or prosecution. The Defendant has failed to demonstrate that the information sought in the public record is necessary to support what appears to be a justiciable claim of the Defendant. Therefore, pursuant to O.R.C. Section 149.43(B)(8), the Defendant's motion for a copy of the public record is hereby OVERRULED.

**{¶ 7}** Such orders are reviewed by an abuse of discretion standard. *State ex rel. Rittner v. Barber*, 6th Dist. Fulton No. F-05-020, 2006-Ohio-592, ¶ 31. " 'An abuse of discretion means an unreasonable, arbitrary, or unconscionable action.' " *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 15, quoting *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 59.

**{¶ 8}** In the case before us, the trial court followed R.C. 149.43(B)(8), which states that:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶ 9}** We have construed identical language in a prior version of the statute [previously, R.C. 149.43(B)(4)]. In that regard, we found that where an incarcerated defendant did not identify any pending proceeding with respect to which the requested documents would be material, the trial court did not err in overruling a public records request. *State v. Gibson*, 2d Dist. Champaign No. 06CA37, 2007-Ohio-7161, ¶ 14.

**{¶ 10}** Atakpu advocates that he needs the documents for the effective pursuit of his defense, which was denied him under the State and Federal Constitutions. However, Atakpu has identified no pending judicial proceedings that would suffice under the heightened requirements for incarcerated inmates seeking public records under the statute. *See, e.g.*, *Gibson* at ¶ 13-14. The limitations period for appeals and post-conviction actions pertaining to Atakpu's criminal case are presently time-barred.

**{¶ 11}** Accordingly, the trial court did not abuse its discretion when it determined that Atakpu failed to demonstrate that the information sought in the public record was necessary to support what appears to be a justiciable claim, nor did the trial court err when it overruled Atakpu's request for records.

### III. Conclusion

**{¶ 12}** Atakpu's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Peter Jemma Atakpu
Hon. Barbara P. Gorman