[Cite as *State v. Rodriguez*, 2014-Ohio-2583.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-11-011 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 6/16/2014 |
| - vs - | | |
| | : | |
| MARIO A. RODRIGUEZ, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 2009-CR-10255


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, 101 East Main Street, Courthouse, 1st Floor, Eaton, Ohio 45320, for plaintiff-appellee

Mario A. Rodriguez, A609766, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Mario A. Rodriguez, appeals pro se from the decision of the Preble County Court of Common Pleas denying his most recent public records request seeking to inspect and copy certain documents allegedly retained by plaintiff-appellee, the state of Ohio, after he was found guilty of possession of heroin and possession of criminal

tools.  For the reasons outlined below, we affirm.[1]

{¶ 2}   On April 6, 2009, the Preble County grand jury returned an indictment charging Rodriguez with possession of heroin in violation of R.C. 2925.11(A)(C)(6)(f), a first-degree felony, and possession of criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony. The charges were brought after Rodriguez was pulled over for speeding and found to be transporting heroin.  Following a jury trial, Rodriguez was found guilty of both charges and sentenced to serve a mandatory ten-year prison term.

{¶ 3}   On May 3, 2010, this court affirmed Rodriguez's conviction on direct appeal and the Ohio Supreme Court subsequently declined review. *State v. Rodriquez*, 12th Dist. Preble No. CA2009-09-024, 2010-Ohio-1944, appeal not accepted, 126 Ohio St.3d 1584, 2010-Ohio-4542.  The United States District Court for the Southern District of Ohio later denied Rodriguez's petition for a writ of habeas corpus.  *Rodriguez v. Warden, Southern Ohio Correctional Facility*, 940 F.Supp.2d 704 (S.D.Ohio 2013).  In denying his direct appeal and his petition for a writ of habeas corpus, both this court and the United States District Court overruled Rodriguez's claims alleging ineffective assistance of counsel.

{¶ 4}   On March 9, 2011, Rodriguez filed a public records request with the trial court seeking an order requiring his trial counsel to "release and deliver all discovery, transcripts, documents, and other paperwork" dealing with his case.  The trial court never took any action in regards to this request.  Rather, on March 23, 2011, Rodriguez's former trial counsel filed a notice of submission with the trial court that specifically stated "all discovery, transcripts, and other materials specifically requested by the Defendant have been sent to him via mail on March 22, 2011."  Rodriguez did not take any further action in regards to this request.

{¶ 5}   Over two years later, on June 17, 2013, Rodriguez filed another public records

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.

request with the trial court seeking access to all trial court and appellate court records following his conviction, including, among a litany of other documents, the most recent docketing statement, indictment and bill of particulars, any and all discovery materials, witness statements, jury verdict forms, all briefs and motions filed by both parties, as well as this court's final judgment entry. Despite the earlier notice of submission from his former trial counsel, Rodriguez alleged that both his trial counsel and his appellate counsel refused to allow him access to the requested documents. According to Rodriguez, the documents are necessary for his preparation of a delayed application for reconsideration and reopening with this court, an application for clemency pursuant to R.C. 2967.07, a renewed petition for a writ of habeas corpus with the United States District Court, and many other unspecified postconviction motions and administrative remedies.

{¶ 6} On July 30, 2013, the trial court issued a decision granting Rodriguez's request. In so holding, the trial court explicitly stated the following:

> After due consideration, the Court finds that, although it is not certain that [Rodriguez] has met the standards necessary, the Court chooses to err in favor of [Rodriguez].
>
> The Clerk shall provide to [Rodriguez] a copy of all of the records filed in this case and in the subsequently filed Court of Appeals' case, provided that [Rodriguez] pay to the Clerk the sum of $.05 per copy produced. The Clerk shall submit to [Rodriguez] an estimate of the cost of producing a copy of every document filed in the two above mentioned cases.
>
> The Court cannot order any records sent to [Rodriguez] other than the records found in these two cases.

{¶ 7} On August 9, 2013, the Preble County Clerk of Courts sent Rodriguez a letter stating the total amount due for copying all trial court and appellate court documents in his case was $46.86. Shortly thereafter, on August 12, 2013, Rodriguez responded by stating he was:

> only interested in the discovery materials that was in my

discovery packet pursuant to criminal rule 16. I do not need transcripts of the pleadings, nor do I need every motion filed in the matter. I just need copies of the discovery materials the prosecutor office has dealing with the arrest and lab results of the drugs, and witnesses statements.

Rodriguez also stated as part of this letter:

The discovery packet should contain the police reports, witness statements, lab results, video recording of the stop by the Highway State Trooper, and all other relative related (sic) documents that should be in a discovery packet supplemental and/or amended.

{¶ 8} On August 16, 2013, the Clerk sent Rodriguez a copy of the discovery packet in its entirety that was previously filed by the state. As part of this letter, the Clerk also stated that "[a]ny other information must be obtained from the Prosecuting Attorney."

{¶ 9} Approximately six weeks later, on October 2, 2013, Rodriguez filed yet another public records request with the trial court seeking additional documents from the Preble County prosecutor's office. Although not specific, as part of this motion, Rodriguez requested access to a "Full Discovery Packet" and other "prosecuting attorney files." The trial court ultimately denied Rodriguez's request in an entry filed November 5, 2013. In so holding, the trial court found the "information sought by [Rodriguez] was delivered to him via his former attorney a long time ago," and that "[Rodriguez's] claim that he has justiciable claims for relief is nothing more than an attempt to re-litigate his ineffective assistance claims." The trial court also noted that "[Rodriguez's] claim has been litigated, and there is no persuasive argument that the results would be different if the claim were to be re-litigated."

{¶ 10} Rodriguez now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 11} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING ACCESSIBILITY TO PUBLIC RECORDS CONTAIN [sic] WITHIN THE PROSECUTOR FILES NOT CONSIDER OR [sic] TO HAVE AN EXEMPT STATUS UNDER THE

STATUTORY MANDATE TO INSPECT AND COPY PUBLIC RECORDS.

{¶ 12} In his single assignment of error, Rodriguez argues the trial court erred and abused its discretion by denying his request for additional records from the prosecutor's office. We disagree.

{¶ 13} Through the passage of R.C. 149.43(B)(8), "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 14. To that end, "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, ¶ 2. Specifically, R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless *the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person*, or the judge's successor in office, *finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person*.

(Emphasis added.)

{¶ 14} "A 'justiciable claim' is a claim properly brought before a court of justice for relief." *State v. Wilson,* 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶ 9. Establishing a justiciable claim ordinarily involves identifying a "pending proceeding with respect to which

the requested documents would be material." *State v. Rodriguez*, 6th Dist. Wood Nos. WD-13-026, WD-13-053 and WD-13-071, 2014-Ohio-1313, ¶ 5, quoting *State v. Wilson*, 2d Dist. Montgomery No. 23247, 2009-Ohio-7035, ¶ 5 and *State v. Gibson*, 2d Dist. Champaign No. 06CA37, 2007-Ohio-7161, ¶ 14. The trial court's decision with respect to whether the inmate established a justiciable claim is reviewed under an abuse of discretion standard. *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 7. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34.

**{¶ 15}** Here, Rodriguez claims he is "only requesting the release of previous information already disclosed in an earlier matter" and released to his trial and appellate counsel, thereby making it improper for the prosecutor's office to withhold such information. However, the requested documentation has already been provided to Rodriguez on at least two occasions; first, by his former trial counsel on March 22, 2011 and again by the clerk over two years later on August 16, 2013. There is nothing more that the prosecutor's office could release that is subject to disclosure in response to Rodriguez's otherwise overly broad request. Again, through the passage of R.C. 149.43(B)(8), "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *Thornton*, 2006-Ohio-5858 at ¶ 14.

**{¶ 16}** Moreover, after a thorough review of the record, we find Rodriguez has failed to establish any justiciable claim for which the items he seeks would be material. Rather, Rodriguez merely alludes to a number proceedings that he believes could benefit from the inclusion of these documents, i.e., a delayed application for reconsideration and reopening with this court, an application for clemency pursuant to R.C. 2967.07, a renewed petition for a

writ of habeas corpus with the District Court, as well many other unspecified postconviction motions and administrative remedies. The Ohio Supreme Court, however, has already declined review of Rodriguez's conviction after this court affirmed the same on direct appeal. The United States District Court also denied Rodriguez's application for a writ of habeas corpus.

{¶ 17} Simply stated, we fail to see how any additional documentation regarding his arrest, conviction, or appeal, if any such documentation exists, would have any impact on these matters going forward.[2] This is particularly true given the fact that Rodriguez has already twice received any and all documentation necessary for such filings, as well as the strong evidence against him supporting his conviction. *See Rodriguez*, 940 F.Supp.2d at 714 (noting the "strong evidence" presented by the state to support Rodriguez's conviction). "[A] defendant in a criminal case who has exhausted the direct appeals of his conviction may not avail himself of R.C. 149.43 to support a post-conviction relief petition." *Bowman v. City of Trotwood Police Dept.*, 2d Dist. Montgomery No. 20799, 2005-Ohio-4734, ¶ 10, quoting *State ex rel Arnold v. Dept. of Public Safety, Div. of Police*, 8th Dist. Cuyahoga No. 78504, 2000 WL 1806986, *2 (Nov. 30, 2000). Therefore, as we find no error in the trial court's decision denying Rodriguez's most recent public records request, Rodriguez's single assignment of error is overruled.

{¶ 18} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.

---

2. Rodriguez directs our attention to *State ex rel. Watson v. [Mohr]*, 10th Dist. Franklin No. 10AP-949, 2011-Ohio-402, for the proposition that "the filing for executive clemency is a 'justiciable claim' to seek public record access." However, the Tenth District Court of Appeals never addressed that issue within its written decision, thereby rendering that decision inapplicable to the case at bar. Rather, the only case that our research has uncovered addressing this exact issue was from the Second District Court of Appeals, which concluded that "an application for clemency is not 'a justiciable claim' for purposes of R.C. 149.43(B)(8)." *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶ 9.