[Cite as *State v. Seal*, 2014-Ohio-4168.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA10 |
| v. | : | |
| | | <u>DECISION AND</u> |
| ARTHUR SEAL, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 09/16/2014 |

<u>APPEARANCES:</u>

Arthur Seal, Chillicothe, Ohio, *pro se* Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.

{¶ 1} Arthur Seal, an inmate at the Chillicothe Correctional Institution, appeals from a judgment of the Highland County Common Pleas Court that denied his "motion for exculpatory evidence" wherein Seal sought the release of a 911 recording for use in a post-conviction proceeding. We previously determined that the motion was actually filed pursuant to R.C. 149.43(B)(8); and thus the trial court's judgment is a final appealable order. [*See* Magistrate's Order filed July 3, 2013]. For the following reasons, we affirm the trial court's judgment.

{¶ 2} On December 3, 2012, a jury found Seal guilty of: 1) the illegal manufacture of drugs, with the additional finding that the offense occurred in the vicinity of a juvenile; 2) the illegal assembly or possession of chemicals for the manufacture of drugs, with the additional finding that the offense occurred in the vicinity of a juvenile; and 3) endangering children. On December 10, 2012, the trial court sentenced Seal to an aggregate prison term of 14 years. On

January 2, 2013, Seal filed a notice of appeal, indicating his intent to directly appeal his convictions and sentence.

{¶ 3} On April 12, 2013, while his direct appeal remained pending, Seal filed the motion for exculpatory evidence that is at issue in the instant appeal. In his memorandum in support of the motion, Seal argued that the 911 recording was necessary to prove in a post-conviction proceeding that law enforcement unlawfully searched the property at which he had been staying.[1] Essentially, Seal asserts that there was never an emergency at the property; that law enforcement should have never been present at the property; and that the existence or non-existence of the 911 recording could help prove that theory. Finally, Seal indicated that his trial counsel requested discovery from the State; knew of the alleged 911 call and the State's failure to produce a record of it; and yet failed to further seek production of the call recording prior to his trial.

{¶ 4} Before the State could file a memorandum contra Seal's motion, the trial court denied the motion on April 17, 2013. In its judgment denying the motion, the trial court stated that: "This case is completed and a direct appeal of the conviction is now pending. The 911 tape if it exists is a public record which the [d]efendant can obtain from the Sheriff's Department under public records laws."

{¶ 5} Seal sets forth the following assignment of error from the trial court's decision to deny the motion:

Assignment of Error:

> TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE
> APPELLANT'S MOTION FOR EXCULPATORY EVIDENCE AND
> REFUSING TO ORDER HIS PROSECUTION DEPT. TO EITHER RELEASE

---

[1] At trial, Deputy Craig Seaman of the Highland County Sheriff's Office testified that on June 4, 2012, he was dispatched to answer a 911 call indicating possible assistance needed at 5094 US Route 50, in Highland County, Ohio. Seaman testified further that an investigation of the 911 call led to the procurement of a search warrant for a house and a camper that were located at the address. Upon execution of the search warrant, authorities located an active methamphetamine lab in the camper. *See State v. Seal*, 4th Dist. Highland No. 13CA1.

THE ALLEGED 9-1-1 CALL/TRANSCRIPTS OR ORDER THE STATE TO CONCEDE THERE IS NO 9-1-1 CALL AND NEVER WAS IN ORDER FOR THE APPELLANT TO SUPPORT HIS RELIEF PETITION, AND THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS AND EQUAL PROTECTION TO THE LAW WHICH VIOLATED THE APPELLANT'S 4TH, 5TH, 6TH & 14TH U.S. CONSITUTIONAL AMENDMENTS AND ARTICLE I, SEC.S 10, 14 & 16 OF THE OHIO CONSTITUTION.

{¶ 6} In his single assignment of error, Seal contends that the trial court erred and abused its discretion by denying his request for the 911 recording which is purportedly in the possession of the prosecutor's office; if such a recording actually exists.

{¶ 7} Through the passage of the Ohio Public Record's Act, "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14. In furtherance of that goal, "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2. R.C. 149.43(B)(8) specifically provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication

with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 8} "A 'justiciable claim' is a claim properly brought before a court of justice for relief." *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶ 9. "Establishing a justiciable claim ordinarily involves identifying a 'pending proceeding with respect to which the requested documents would be material.' " *State v. Rodriguez*, 12th Dist. Preble No. CA2013-11-011, 2014-Ohio-2583, ¶ 14, quoting *State v. Rodriguez*, 6th Dist. Wood Nos. WD-13-026, WD-13-053 and WD-13-071, 2014-Ohio-1313, ¶ 5. "The trial court's decision with respect to whether the inmate established a justiciable claim is reviewed under an abuse of discretion standard." *Id*.

{¶ 9} As an initial matter, we note that the trial court arguably misinterpreted Seal's motion. While the motion could have been worded more clearly, it does appear that Seal was seeking a finding, as required by R.C. 149.43(B)(8), that the 911 recording was necessary to support a justiciable claim. [*See* Magistrate's Order filed July 3, 2013]. The trial court did not make the required finding, but instead denied the motion on the grounds that it was not the proper office to seek a public records request.

{¶ 10} Nonetheless, even if the trial court misinterpreted the nature of Seal's request, we find no error in its denial of the request. First, we note that Seal failed to identify any pending justiciable proceeding for which the requested item would be material. While Seal argued that the 911 recording was necessary to prepare a post-conviction relief petition, no such petition was actually pending when the request was made. *See State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9 ("[W]here an incarcerated defendant did not identify any pending

proceeding with respect to which the requested documents would be material, the trial court did

not err in overruling a public records request."); *see also Rodriguez*, 2014-Ohio-2583 at ¶ 16;

*Wilson*, 2011-Ohio-4195 at ¶ 9.

{¶ 11} We also find that Seal does not have a justiciable claim because any claim he

might present would be barred by the doctrine of res judicata. *See State v. Reid*, 2d Dist.

Montgomery No. 24672, 2012-Ohio-1659, ¶ 9 ("Claims barred by res judicata are not

justiciable.").

{¶ 12} It is well established law in Ohio that:

Under the doctrine of res judicata, a final judgment of conviction bars a convicted

defendant who was represented by counsel from raising and litigating in any

proceeding except an appeal from that judgment, any defense or any claimed lack

of due process that was raised or could have been raised by the defendant at the

trial, which resulted in that judgment of conviction, or on an appeal from that

judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 13} Here, Seal admitted in his motion for exculpatory evidence that his trial counsel

knew of the State's failure to produce the 911 recording, despite his request for discovery, yet

made no attempts to compel production prior to trial. Moreover, Seal's brief in support of his

direct appeal, which we note was filed after Seal's motion for exculpatory evidence and by new

appellate counsel, did not raise the present issue as an assignment of error or separate argument.

*See State v. Seal*, 4th Dist. Highland No.13CA1. Because Seal could have raised the issue at trial,

or in his direct appeal, he is now barred by the doctrine of res judicata from raising the issue in

any post-conviction proceeding. Thus, the 911 recording, if it exists, does not support a justiciable claim.

{¶ 14} Based on the foregoing, we overrule Seal's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

By:_____
                    Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.