[Cite as *State v. Cope*, 2015-Ohio-3935.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-02-017 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/28/2015 |
| - vs - | : | |
| | : | |
| DOUGLAS A. COPE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2008-10-1862


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Douglas A. Cope, #A617328, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, defendant-appellant, pro se


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Douglas A. Cope, appeals pro se from the decision of the Butler County Court of Common Pleas denying his motion for a finding of a justiciable claim as required by R.C. 149.43(B)(8) in order for him to obtain various alleged public records supposedly retained by plaintiff-appellee, the state of Ohio, as well as his trial and appellate counsel, after a jury found him guilty of two counts of kidnapping and one count of obstructing official business. For the reasons outlined below, we affirm.

{¶ 2} On November 26, 2008, the Butler County Grand Jury returned an indictment charging Cope with one count of rape, two counts of kidnapping, and one count of obstructing official business. According to the bill of particulars, the charges stemmed from allegations Cope kidnapped, beat and raped his former girlfriend, R.H., over a two-day period between October 7, 2008 and October 10, 2008, while the couple were located within Butler County. Cope was eventually arrested following a brief standoff with police. Thereafter, following a jury trial, Cope was acquitted of the rape charge, but found guilty of both kidnapping charges and obstructing official business. The trial court then sentenced Cope to serve a total of nine years in prison and ordered him to pay a fine of $5,000. The trial court also classified Cope as a Tier II sex offender.

{¶ 3} On December 29, 2010, this court issued a decision affirming Cope's conviction and sentence on direct appeal, a decision which the Ohio Supreme Court subsequently declined to review on May 4, 2011. *State v. Cope*, 12th Dist. Butler No. CA2009-11-285, 2010-Ohio-6430, appeal not accepted, 128 Ohio St.3d 1483, 2011-Ohio-2055. Approximately four years later, on January 9, 2015, Cope filed a motion with the trial court requesting it to issue a finding of a justiciable claim as required by R.C. 149.43(B)(8) in order for him to obtain various alleged public records supposedly retained by the state and his trial and appellate counsel.

{¶ 4} Specifically, Cope requested: (1) all witness statements presented to his trial counsel, "as well are available to the prosecution;" (2) pictures of exhibits of R.H., the victim, C.H., the mother of one of his two children, and "other unidentified women;" (3) phone call recordings and other unknown items pertaining to his case; (4) any and all documents in the possession of the state regarding his "entire case and appeal;" and (5) any and all "informations (sic) and documents" in his trial and appellate counsel's possession. It is undisputed that Cope had yet to file any petition for postconviction relief prior to filing his

motion with the trial court.

{¶ 5} On January 12, 2015, the trial court issued a decision denying Cope's request for a finding of a justiciable claim. In so holding, the trial court concluded the various discovery materials Cope requested were actually "trial preparation records" as defined by R.C. 149.43(A)(1)(g) that were not subject to disclosure as public records. The trial court also determined that issuing a decision finding a justiciable claim was not appropriate since Cope "makes it clear that the purpose of his obtaining the requested materials is for him to have information which might be useful to him in filing a petition for postconviction relief under O.R.C. 2953.21 and 2953.23."

{¶ 6} Cope now appeals from the trial court's decision, raising three assignments of error for review. For ease of discussion, Cope's three assignments of error will be addressed together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} TRIAL COURT ERRED IN DESIGNATING APPELLANT'S REQUESTS AS "TRIAL PREPARATION RECORDS."

{¶ 9} Assignment of Error No. 2:

{¶ 10} TRIAL COURT ERRED IN FINDING THAT APPELLANT HAS NOT MET THE GROUNDS FOR [DELAY] TO FILE A PETITION UNDER O.R.C. 2953.12, §2953.23(A)(1)(A), (B), WHEN APPELLANT HAD NOT YET FILED THE PETITION AND HE SHOWED SPECIFICALLY HOW HE MEETS CAUSE FOR DELAY. (Brackets sic.)

{¶ 11} Assignment of Error No. 3:

{¶ 12} TRIAL COURT ERRED IN DETERMINING EXISTANCE (sic) OF GROUNDS FOR [DELAY], BECAUSE A MOTION FOR FINDING OF JUSTICIABLE CLAIM IS TO DETERMINE THE [EXISTANCE (sic) OF A JUSTICIABLE CLAIM], AND NOT THE [RESOLUTION] OF SUCH CLAIM. (Brackets sic.)

{¶ 13} In his three assignments of error, Cope argues the trial court erred and abused its discretion by denying his motion requesting it to issue a finding of a justiciable claim under R.C. 149.43(B)(8). We disagree.

{¶ 14} Through the passage of R.C. 149.43(B)(8), "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 14. To that end, "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, ¶ 2, citing *State ex rel. Chatfield v. Flautt*, 131 Ohio St.3d 383, 2012-Ohio-1294. Specifically, R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 15} "A 'justiciable claim' is a claim properly brought before a court of justice for relief." *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶ 9. "Establishing a justiciable claim ordinarily involves identifying a 'pending proceeding with respect to which the requested documents would be material.'" *State v. Rodriguez*, 12th Dist. Preble No. CA2013-11-011, 2014-Ohio-2583, ¶ 14, quoting *State v. Rodriguez*, 6th Dist. Woods Nos.

WD-13-026, WD-13-053, and WD-13071, 2014-Ohio-1313, ¶ 5. Therefore, merely "[a]lluding to possible future proceedings that could result from access to the records is insufficient to satisfy this burden." *State v. Heid*, 4th Dist. Scioto Nos. 14CA3668 and 14CA3669, 2015-Ohio-1502, ¶ 15, citing *Rodriquez*, 2014-Ohio-1313 at ¶ 6.

{¶ 16} A trial court's decision with respect to whether an inmate has established a justiciable claim is reviewed under an abuse of discretion standard. *Rodriquez*, 2014-Ohio-2583 at ¶ 14, citing *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 7. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 17} After a thorough review of the record, we find Cope has failed to establish any justiciable claim now pending for which the various discovery materials he requested would be material. Rather, Cope merely alludes to the fact that he intends to file a petition for postconviction relief, a petition he explicitly notes as part of his appellate brief "has not even yet been filed." As noted above, this is an insufficient basis upon which Cope may satisfy his burden. *Heid*, 2015-Ohio-1502 at ¶ 15, citing *Rodriquez*, 2014-Ohio-1313 at ¶ 6; *see, e.g., State v. Dowell*, 8th Dist. Cuyahoga No. 102408, 2015-Ohio-3237, ¶ 8 (finding trial court's decision denying an inmate's public records request was proper where he "did not identify any pending proceeding for which the requested records would be material"); *State v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168, ¶ 10 (finding trial court's decision denying an inmate's public records request was proper where he "failed to identify any pending justiciable proceeding for which the requested item would be material"); *Atakpu*, 2013-Ohio-

4392 at ¶ 10 (finding trial court's decision denying an inmate's public records request was proper where he "identified no pending judicial proceedings that would suffice under the heightened requirements for incarcerated inmates seeking public records under the statute").

{¶ 18} Moreover, as this court recently noted, "'a defendant in a criminal case who has exhausted the direct appeals of his conviction may not avail himself of R.C. 149.43 to support a post-conviction relief petition.'" *Rodriquez*, 2014-Ohio-2583 at ¶17, quoting *Bowman v. City of Trotwood Police Dept.*, 2d Dist. Montgomery No. 20799, 2005-Ohio-4734, ¶ 10. In this case, the Ohio Supreme Court has already declined to review Cope's conviction and sentence after this court affirmed the same on direct appeal. Furthermore, just as the trial court found, the record is clear that any petition for postconviction relief that Cope may file would fall well outside the timeframe permitted by Ohio's postconviction relief statute as found in R.C. 2953.21(A)(2).[1] *See State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 18. As a result, because it does not appear that Cope has requested any newly discovered evidence, any claim Cope might present as part of a petition for postconviction relief would likely be barred by the doctrine of res judicata. "Claims barred by res judicata are not justiciable." *State v. Reid*, 2d Dist. Montgomery No. 24672, 2012-Ohio-1659, ¶ 10.

{¶ 19} In light of the foregoing, we find Cope has failed to show how the various discovery materials he requested would aid in his defense or support a justiciable claim in any way. Therefore, under these circumstances, the trial court did not err or abuse its discretion by denying Cope's motion. In reaching this decision, we offer no opinion as it relates to the trial court's decision finding the various discovery materials Cope requested were actually "trial preparation records" as defined by R.C. 149.43(A)(1)(g) that were not

---

1. As applicable here, pursuant to former R.C. 2953.21(A)(2), a petitioner was required to file a petition for postconviction relief "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" However, R.C. 2953.21(A)(2) has since been amended effective March 23, 2015 to allow a petitioner 365 days to file a timely postconviction relief petition.

subject to disclosure as public records. *See generally State ex re. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974. Accordingly, Cope's three assignments of error lack merit and are overruled.

{¶ 20} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.