[Cite as *Crenshaw v. E. Cleveland*, 2019-Ohio-1614.]

| MARIAH S. CRENSHAW | Case No. 2018-01510PQ |
|---|---|
| Requester | Judge Patrick M. McGrath |
| v. | DECISION |
| CITY OF EAST CLEVELAND | |
| Respondent | |

{¶1} Requester Mariah S. Crenshaw, proceeding pro se, objects to a special master's recommendation to dismiss Crenshaw's complaint in its entirety.

## I. Background

{¶2} On December 17, 2018, pursuant to R.C. 2743.75(D), Crenshaw filed a complaint against respondent City of East Cleveland (City), alleging a denial of access to public records. Three days later the court appointed an attorney as a special master in the cause.

{¶3} On December 21, 2018, the special master issued an order wherein, relying on Civ.R. 8(A), 10(B), and 12(E), the special master found that Crenshaw's complaint failed to set forth a short, plain statement of the claim showing that Crenshaw was entitled to relief, that Crenshaw's complaint failed to set forth each claim separately, and that Crenshaw's complaint was so vague and ambiguous that the City could not be expected to frame a responsive pleading. The special master directed Crenshaw to file an amended complaint by January 8, 2019 that individually listed only those public records requests that Crenshaw alleged were not satisfied and that Crenshaw wished to litigate. With respect to each request, the special master directed Crenshaw to quote the language of the request, cite correspondence that contained the request by date and request number, and that identified in as much detail as possible, what specific, existing records that the City failed to produce that were responsive to the request. The special master informed Crenshaw that, on receipt of the amended complaint, the court

"will determine whether any further pleading or information is required, or whether the case may move forward to mediation. If an amended complaint is not filed by [January 8, 2019], the special master will recommend dismissal of the claim. R.C. 2743.75(D)(2)." (Order, December 21, 2018.)

{¶4} On January 2, 2019, Crenshaw filed an amended complaint. Thereafter, on January 24, 2019, the special master issued a recommendation, wherein, relying on Civ.R. 8(A), 10(B), 12(E), and 41(B)(1), the special master found that Crenshaw's amended complaint failed to set forth a short, plain statement of the claim showing that Crenshaw was entitled to relief, that Crenshaw's amended complaint failed to set forth each claim separately, that Crenshaw's amended complaint "is so vague and ambiguous" (R&R, 2) that the City cannot be expected to frame a responsive pleading, that Crenshaw failed to provide all communications relating to the request from the public office as required by R.C. 2743.75(D)(1), and that Crenshaw failed to comply with the special master's order of December 21, 2018. The special master recommended dismissal based on these deficiencies. The special master cited a violation of R.C. 2743.75(C)(1) as an additional ground for dismissal. The special master reasoned that, since Crenshaw previously had filed a mandamus action in the Cuyahoga County Common Pleas Court (which was subsequently dismissed and which, in this case, Crenshaw appears to seek some of the same records as those in the mandamus action), then Crenshaw is not eligible to refile the mandamus action in this court.

{¶5} On February 11, 2019, Crenshaw filed written objections to the special master's recommendation. Crenshaw certified that she sent a copy of her objections to the City "via United States Postal Service" on January 27, 2019. Crenshaw asks the court to reject the special master's recommendation, contending, among other things, that the City "has never responded to the public records requests" and Crenshaw "cannot provide information which does not exist as the summary clearly states in the amended complaint."

{¶6} The City has not filed a timely response to Crenshaw's written objections.

## II. Law and Analysis

{¶7} R.C. 2743.75(E)(2) permits a special master to direct in writing that a further pleading be filed. R.C. 2743.75(E)(2). Since an amended complaint is a pleading, *see* Civ.R. 7(A) and 15(A); *Black's Law Dictionary* 344 (10th Ed.2014), under R.C. 2743.75(E)(2) the special master has authority to require Crenshaw to file an amended complaint.

{¶8} According to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." It follows therefore that under R.C. 2743.75(D)(2) the special master has authority to issue a recommendation for dismissal of a complaint.

{¶9} When the General Assembly enacts a statute, such as R.C. 2743.75(D)(2), a just and reasonable result and a result feasible of execution is intended. *See Gallenstein v. Testa*, 138 Ohio St.3d 240, 2014-Ohio-98, 6 N.E.3d 1, ¶ 21; R.C. 1.47(C) and (D). Under R.C. 2743.75(D)(2) (which permits a special master to recommend dismissal of a complaint) it therefore follows that a special master has implied authority to recommend dismissal of an amended complaint. *See State ex rel. A. Bentley & Sons Co. v. Pierce*, 96 Ohio St. 44, 47, 117 N.E. 6 (1917) (a grant of power by the legislature by virtue of a statute, may be either express or implied, but the limitation put upon the implied power is that it is only such as may be reasonably necessary to make the express power effective).

{¶10} Notably, R.C. 2743.75(D)(2) does not expressly permit objections to a special master's recommendation of dismissal of a complaint. R.C. 2743.75(D)(2). *Compare* R.C. 2743.75(F)(2) (permitting objections to a report and recommendation submitted by a special master after a special master has received a response from a public-records custodian or motion to dismiss a complaint). Nonetheless, in the interest

of justice the court will consider Crenshaw's objections to the special master's recommendation.

{¶11} Pursuant to R.C. 2743.75(F)(2), either party "may object to [a special master's] report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested." Here, Crenshaw's objections are procedurally irregular because Crenshaw failed to send a copy of her objections to the City by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶12} Upon independent review, the court finds that the special master's application of certain Ohio Rules of Civil Procedure in support of the recommendation of dismissal is less than persuasive. Pursuant to R.C. 2743.03(D), the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with [R.C. Chapter 2743]." The special master's recommendation relies in part on Civ.R. 41(B)(1). According to Civ.R. 41(B)(1), where the plaintiff "fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Here, according to the special master's order of December 21, 2018, the special master advised Crenshaw: "If an amended complaint is not filed by [January 8, 2019], the special master will recommend dismissal of the claim." A review of the record discloses that Crenshaw filed an amended complaint before the deadline of January 8, 2019.

{¶13} Additionally, the special master relies on Civ.R. 12(E) to support a recommendation for dismissal. Civ.R. 12(E) pertains to a motion for definite statement. A review of the record discloses that a Civ.R. 12(E) motion is not before the court in this case. Notably, the United States Supreme Court has instructed: "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow

the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).

{¶14} The court nonetheless finds that some of the special master's reasoning in support of the recommendation for dismissal is well-founded. The special master identifies R.C. 2743.75(C)(1) as constituting a basis to justify dismissal. R.C. 2743.75(C)(1) provides:

> Subject to [R.C. 2743.75(C)(2)], a person allegedly aggrieved by a denial of access to public records in violation of [R.C. 149.43(B)] may seek relief under that section or under this section, provided, however, that if the allegedly aggrieved person files a complaint under either section, that person may not seek relief that pertains to the same request for records in a complaint filed under the other section.

Here, Crenshaw states in the amended complaint:

> On or about May 4, 2018, the Requester submitted public information requests to the City of East Cleveland for public records. (Exhibit A) The request was sent certified and hand delivered to the City's Law Department which handles all public records requests on May 4, 2018. As of the filing of this complaint the City had still not accepted the certified letter from the United States Postal Services and still sits at the station awaiting pick up. On June 6, 2018 Requester filed a Writ of Mandamus in the Cuyahoga County Court of Common Pleas Case No: CV-18-899991, in an attempt to force the Respondent to release all public records and allow access for inspection to the records. Requester submitted further requests for records after the case was filed which to date are unfulfilled. (Exhibit B)

> On October 30, 2018, after months of litigating the case in the Cuyahoga County Court Judge Robert McClelland dismissed the Writ of Mandamus action because Requester failed to file an affidavit with the original writ action. (Exhibit C) Requester has thus refiled this before the Ohio Court of Claims in a second attempt to obtain access to and inspect public records from the City of East Cleveland. Since the filing of this action another public record request has been submitted to the City of

East Cleveland which they have failed to acknowledge receipt of.   (See Exhibit B)[.]

{¶15} According to Exhibit C, which is attached to Crenshaw's amended complaint, on the City of East Cleveland Law Department's motion for summary judgment, the Cuyahoga Common Pleas Court dismissed Crenshaw's petition for a writ of mandamus on October 30, 2018.   Thus, applying R.C. 2743.75(C)(1), Crenshaw is precluded from seeking the same records that she sought in her mandamus action against the City of East Cleveland Law Department.

{¶16} The court is cognizant that the special master found that Crenshaw's amended complaint "is so vague and ambiguous that [the City] cannot be expected to frame a responsive pleading."   (Recommendation, 2.)   To the extent that the special master is unable to discern a justiciable claim in Crenshaw's amended complaint, the court finds that the special master's recommendation of dismissal is justified.   *See State v. Heid*, 4th Dist. Scioto Nos. 14CA3668, 14CA3669, 2015-Ohio-1502, ¶ 13 (stating that, according to common usage, a justiciable claim "is one that is 'properly brought before a court of justice; capable of being disposed of judicially.'   *Black's Law Dictionary* 882 (8th Ed.2004)"); *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195 ("[a] 'justiciable claim' is a claim properly brought before a court of justice for relief").

### III. <u>Conclusion</u>

{¶17} For reasons set forth above, the court concludes that Crenshaw's objections to the special master's recommendation for dismissal should be overruled, but for different reasons than those stated by the special master in the recommendation issued on January 24, 2019.   See *Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 18 ("[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant").

PATRICK M. MCGRATH
Judge

[Cite as *Crenshaw v. E. Cleveland*, 2019-Ohio-1614.]

| MARIAH S. CRENSHAW | Case No. 2018-01510PQ |
| --- | --- |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY</u> |
| CITY OF EAST CLEVELAND | |
| Respondent | |

{¶18} For the reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court OVERRULES requester's objections to the special master's recommendation issued on January 24, 2019. In accordance with R.C. 2743.75(D)(2) and the special master's recommendation, the court on its own motion DISMISSES requester's amended complaint. Judgment is rendered in favor of respondent. Court costs are assessed against requester. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed March 1, 2019**
**Sent to S.C. Reporter 4/30/19**