[Cite as *State v. Askew*, 2015-Ohio-43.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-072** |
| JAMES D. ASKEW, III, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000539.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*James D. Askew, III,* pro se, PID: A642-217, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, James D. Askew, III, seeks reversal of the trial court's denial of his second petition for post-conviction relief. Appellant primarily asserts that the trial court erred in not addressing the merits of his second petition raising issues pertaining to the court's *jurisdiction* to sentence him to a fifteen-year prison term.

{¶2} In September 2012, the Lake County Grand Jury returned a four-count indictment against appellant. Under the second count, appellant was charged with felonious assault, a second-degree felony under R.C. 2903.11(A)(1). This count also

had a repeat violent offender specification. The specification alleged that he had a prior conviction for felonious assault.

{¶3} Appellant ultimately pleaded guilty to the felonious assault charge and the "repeat violent offender" specification and the remaining three counts were dismissed. Upon accepting the guilty plea and conducting a sentencing hearing, the trial court sentenced appellant to eight years on the felonious assault and seven years on the specification, for an aggregate prison term of fifteen years.

{¶4} The sentencing judgment was issued in May 2013. Appellant did not appeal.

{¶5} Six months later, appellant filed his first petition for post-conviction relief arguing that the trial court exceeded the scope of its authority by failing to submit the repeat violent offender specification to a jury for determination. After the state filed its response, the trial court issued a judgment, dated February 10, 2014, dismissing the petition on the grounds of res judicata. The court held that appellant's "specification" argument could not be asserted in a post-conviction petition because it could have been addressed on a direct appeal.

{¶6} Appellant did not appeal the foregoing judgment. Instead, in June 2014, he filed a second petition for post-conviction relief. This petition set forth two claims for relief, and appellant summarized his claims in the following manner:

{¶7} "[1.] This Court selected or elected the penalty in this case, which offer alternative sentences and options for the court to choose from, whether this Court elected or is required by R.C. 2929.14 and the divisions thereunder would be unconstitutional, and reflects a conclusion that is not based on the truth of a specific requirement of law, an act that is outside or beyond this Court's judicial power to act in

2

the particular manner that it has because the provisions of the statute are required, or mandatory.

{¶8} "[2.] This court construed the provisions of R.C. 2901.04 (A)(B) in a manner inconsistent with its function as a Court whose powers are constitutionally conferred, the manner in which the Court acted under the statute causes the judgment to be void, a denial of equal protection and due process that cannot be transferred or taken away."

{¶9} After receiving an extension of time to respond, the state argued that the merits of the second petition could not be addressed because: (1) it was untimely, R.C. 2953.23 et seq.; and (2) appellant had not established a justifiable reason for filing a successive post-conviction petition. In moving for summary judgment on his claims, appellant essentially asserted that he was not required to comply with the statutory time requirements for post-conviction petitions because his claims for relief demonstrate that the sentencing judgment must be declared moot or void.

{¶10} In its July 10, 2014 judgment entry, the trial court dismissed appellant's second post-conviction petition, primarily concluding that he failed to satisfy the statutory requirements for submitting a successive petition. The court further held that his two claims for relief were barred from consideration under the doctrine of res judicata.

{¶11} In appealing the July 2014 judgment, appellant raises one assignment of error for review:

{¶12} "The Court in denying defendant's petition for post-conviction relief is an abuse of discretion claiming that res judicata and R.C. 2953.23(A)(1)(a) bar the petition, the court erred for not considering the issues raised and presented in the

3

petition."

{¶13} As noted above, in dismissing appellant's second post-conviction petition, the trial court held that he had not complied with the specific statutory requirements for the filing of successive petitions under R.C. 2953.23(A)(1)(a). In challenging the trial court's ruling, appellant does not dispute that he did not attempt to provide a proper justification for a second petition. Instead, he contends that he was not required to establish any justification because the claims in the second petition were sufficient to show that the trial court's sentencing judgment should be declared void. Based upon this, he further contends that he was free to assert his two claims at any time, regardless of whether he had filed a prior petition for post-conviction relief.

{¶14} As a general proposition, if a trial court commits an error which renders its final judgment void, it is not necessary for the criminal defendant to raise the issue in a direct appeal from the conviction; rather, he can also challenge the error in a collateral attack. *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶8, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of syllabus. In other words, the doctrine of res judicata does not bar the defendant from raising the "void" issue in a subsequent submission even if it could have been asserted in the direct appeal from the conviction. *Id.* In regard to when the sentencing judgment in a criminal case is void, this court has recently stated:

{¶15} "'(A) sentence that does not contain a statutorily mandated term is a void sentence.' *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, ¶14, citing *State v. Beasley,* 14 Ohio St.3d 74, (1984). The Supreme Court of Ohio in *Simpkins* held that, where the sentencing judge 'disregards what the law clearly commands, such as when a judge fails to impose a nondiscretionary sanction required by sentencing statute, the

4

judge acts without authority.' *Id.* at ¶21. Further, 'if a judge imposes a sentence that is unauthorized by law, the sentence is unlawful.' *Id.* If a sentence is unlawful, it is not merely erroneous or voidable; rather, it is unauthorized and void. *Id.* By way of example, the Court cited *Beasley, supra.* In *Beasley,* the applicable sentencing statute *required* the judge to impose a prison term and *permitted* the judge to impose a fine. *Id.* at 75. The trial court disregarded the statutory mandate and imposed only a fine. The Supreme Court held in *Beasley* that the trial court had exceeded its authority by disregarding the statutory-sentencing requirement and that the purported sentence was a nullity and must be considered void*. Id."* (Emphasis sic.) *State v. Wells,* 11th Dist. Trumbull No. 2013-A-0014, 2013-Ohio-5821, ¶21.

{¶16} In his second petition, appellant did not provide an extensive explanation of his two claims. As a result, it is difficult to fully discern the nature of his arguments. However, in his motion for summary judgment on his claims, appellant stated the following:

{¶17} "The provisions under the Statutes used is imposing a duty, or obligation on the Court to act in a manner contrary to its true functions, *Courts are to determine what law is and what the rights of the parties are*, see Union Pacific R.R. v. United States (1878), 99 U.S. 700, 721 (Field, J., dissenting.) Here, the defendant was subject of a statutory judicial proceeding." (Emphasis added.)

{¶18} Although the substance of appellant's arguments are still somewhat vague, he appears to be arguing that his sentence is void because the trial court complied with applicable statutory provisions. This argument clearly conflicts with the *Wells* precedent, which holds that a sentence is void when it does not comply with the governing statutes. For this reason, the two claims in appellant's second petition did

5

not raise viable arguments for declaring the final sentencing judgment void. Thus, the second petition had to satisfy the requirements of R.C. 2953.23(A)(1)(a) in order to be properly before the trial court.

{¶19} As noted above, appellant was sentenced to an eight-year term on the felonious assault charge and a seven-year term on the repeat violent offender specification. Felonious assault is a second-degree felony, R.C. 2929.14(A)(2) and, therefore, a prison term of "two, three, four, five, six, seven, or eight years" is authorized. As to the repeat violent offender specification, R.C. 2929.14(B)(2)(a) states that, if the longest term possible is imposed on the underlying offense, an additional definite term of "one, two, three, four, five, six, seven, eight, nine, or ten years" is authorized. As the trial court imposed a maximum term for the underlying felonious assault, the additional seven years on the repeat offender specification was lawful.

{¶20} Pursuant to R.C. 2953.23(A), a trial court is not permitted to consider a second petition for post-conviction relief unless one of three exceptions apply: (1) the defendant has discovered new evidence; (2) the United States Supreme Court has recognized a new federal or state right that can be retroactively applied to the defendant; or (3) the results of DNA testing has recently established that the defendant did not commit the underlying crime. In submitting his second petition, appellant never asserted that any of the three exceptions apply. Therefore, as his sentence is not void, the trial court properly dismissed the second petition addressing the merits of his two claims.

{¶21} Consistent with the foregoing discussion, appellant's sole assignment of error lacks merit. Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____


COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶22} I concur with the majority's well reasoned opinion but write separately to note that these types of post-conviction filings are frequently made by defendants who fail to file a timely appeal and/or who have not filed (or cannot meet the criteria for filing) a delayed appeal. What many of these post-conviction filings have in common is that the defendants have never received the benefit of appellate review of their case.

{¶23} Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed. A more flexible approach to delayed appeals would be more cost effective as it would allow courts to consider any such alleged error, bring matters to a quick, *final* close and possibly avoid the presentation of futile post-conviction motions to the trial court—at taxpayer's expense.