[Cite as *State v. Askew*, 2017-Ohio-1512.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

STATE OF OHIO,                          :          **O P I N I O N**

    Plaintiff-Appellee,          :

- vs -                                          :          **CASE NO. 2016-L-093**

JAMES D. ASKEW, III,                   :

    Defendant-Appellant.     :

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000539.

Judgment:  Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Plaintiff-Appellee).

*James D. Askew, III*, pro se, PID:  A642-217, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH  44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, James D. Askew, III, appeals the trial court's denial of his public records request.  He contests the court's ruling that he failed to state a justiciable claim requiring the clerk of courts to provide the requested records.  We affirm.

{¶2}    Pertaining to the request at issue, appellant pleaded guilty to one count of felonious assault and the accompanying repeat violent offender specification.  After finding him guilty, the trial court imposed an aggregate sentence of fifteen years, eight years on the primary charge and seven years on the specification.  Appellant did not

appeal.

{¶3} In the first thirteen month after the conviction, appellant filed two petitions for postconviction relief, both of which were denied by the trial court. Appellant did not appeal the ruling on his first petition, but he did appeal the ruling on the second petition. In *State v. Askew*, 11th Dist. Lake No. 2014-L-072, 2015-Ohio-43, ¶18, we affirmed on the basis that the second petition failed to assert a viable argument for deeming his sentencing judgment void.

{¶4} Approximately one year after our decision, appellant moved the trial court for an order requiring the clerk of courts to provide him with a copy of a September 27, 2012 judgment entry allegedly stating that appellant waived arraignment on the indictment. According to the motion, he needs the copy in order to "present to [the trial] Court a substantive and procedural due process claim pertaining to purported waiver of arraignment so jurisdiction issues can be asserted via ineffective assistance of counsel issues."

{¶5} The trial court denied the motion concluding that appellant failed to demonstrate that he has a justiciable claim or that the public record he seeks is necessary to support the claim.

{¶6} Appellant raises one assignment for review:

{¶7} "The trial court abused its discretion by denying appellant's request pursuant to R.C. 149.43(B)(8) when a justiciable claim was presented via jurisdiction issues."

{¶8} R.C. 149.43(B) generally sets forth procedures governing disclosure of records maintained in a public office. *Hall v. State*, 11th Dist. Trumbull No. 2008-T-0073, 2009-Ohio-404, ¶9. R.C. 149.43(B)(8) governs the within dispute:

{¶9} "A public office or person responsible for public records is not required to

2

permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."

{¶10} "Through the passage of R.C. 149.43(B)(8), '[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources.' *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶14. To that end, 'R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to the inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim.' *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4212, ¶2." *State v. Rodriguez*, 12th Dist. Preble No. CA2013-11-011, 2014-Ohio-2583, ¶13.

{¶11} For purposes of R.C. 149.43(B)(8), a "justiciable claim" is "'a claim properly brought before a court of justice for relief.'" *State v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168, ¶8, quoting *State v. Wilson*, 2d Dist. Montgomery No. 23734, 2011-Ohio-4195, ¶9. In trying to interpret R.C. 149.43(B)(8), some appellate districts have concluded that an inmate cannot satisfy the "justiciable claim" requirement without a pending proceeding to which the requested public record would be material.

3

*Id.*; *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶9; *State v. Rodriguez*, 6th Dist. Wood No. WD-10-062, 2011-Ohio-1397, ¶9.

{¶12} *Seal*, *Atakpu*, and *Rodriguez* are not persuasive. The statute does not require that a justiciable claim is pending, only that the inmate has a justiciable claim to be advanced. Moreover, there are times when an inmate is required to attach copies of court documents to initial pleadings in order to state a viable claim for relief such as a petition for a writ of habeas corpus R.C. 2725.04(D) (copies of commitment papers must be attached to petition).

{¶13} Nevertheless, the public records request must allege a justiciable claim. Here, appellant did not carry his burden. Although appellant bandies about various legal terms such as due process, jurisdiction, and ineffective assistance, he does not give any explanation as to how these terms relate to a justiciable claim. He does not allege operative facts demonstrating a due process violation, a lack of jurisdiction, or a denial of effective assistance of counsel. Necessarily, his motion, likewise, does not state how a copy of the "waiver" judgment is necessary to advance a justiciable claim. Therefore, the trial court properly held that the lack of an alleged justiciable claim warranted denial of his public record request.

{¶14} Appellant's sole assignment of error is without merit and the trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE,

COLLEEN MARY O'TOOLE,

concur.

4