[Cite as *State ex rel. Wright v. Lake Cty. Clerk of Courts*, 2019-Ohio-1300.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. NAQUAN A. WRIGHT, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| | : | **CASE NO. 2018-L-127** |
| - vs - | : | |
| LAKE COUNTY CLERK OF COURTS, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Mandamus

Judgment: Petition dismissed.

*Naquan A. Wright*, pro se, PID: A703-053, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Relator, Naquan A. Wright, has filed a mandamus petition, seeking a writ to compel respondent to comply with his request to produce copies of public records relating to an underlying criminal proceeding. Respondent, the Lake County Clerk of Courts, has moved to dismiss the petition on the basis that relator's claim does not set forth sufficient allegations to show he is entitled to the writ. Relator has not replied to the motion.

{¶2} "'"Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C, 149.43(C). The Public Records Act implements the state's policy that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. "Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records." *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.' *State ex rel. Perrea v. Cincinnati Pub. Schools*, 123 Ohio St.3d 410, 2009-Ohio-4762, 916 N.E.2d 1049 at ¶ 13." *State ex rel. Papa v. Starkey*, 5th Dist. Stark No. 2014CA00001, 2014-Ohio-2989, ¶2.

{¶3} Within a reasonable time of receiving a public records request, the person who is responsible for such records is required to make copies of the records and provide them to the requesting individual at cost. R.C. 149.43(B)(1). However, the duty imposed under division (B)(1) is expressly subject to division (B)(8), which places a restriction upon a prison inmate's ability to make a public records request:

{¶4} "A public officer or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring

2

information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the party."   R.C. 149.43(B)(8).

{¶5} "'Through the passage of R.C. 149.43(B)(8), "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, 14.  To that end, "R.C. 149.43(B)(8) requires an incarcerated criminal defender who seeks records relating to the inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2.'   *State v. Rodriguez*, 12th Dist. Preble No.CA2013-11-011, 2014-Ohio-2583, 2014 WL 2732678, ¶ 13."   *State v. Askew*, 11th Dist. Lake No. 2016-L-093, 2017-Ohio-1512, 89 N.E.3d 55, ¶10.

{¶6} Accordingly, if an inmate brings a mandamus action to compel compliance with a public records request and his petition does not allege that he has obtained a judicial finding under R.C. 149.43(B)(8), his petition fails to state a viable claim upon which the writ could be granted.  *Papa*, 2014-Ohio-2989, at ¶ 9-10.

{¶7} Here, relator's mandamus petition establishes that he is presently an inmate at a state prison in Ashtabula County, Ohio.  Moreover, his petition asserts that he seeks copies of five records pertaining to his underlying criminal action.  However,

his petition does not allege that, prior to requesting the copies from respondent, he obtained a finding from the trial judge in the criminal action stating that he is entitled to copies of the records. Thus, even when relator's factual allegations are construed in a manner most favorable to him, they are insufficient. Dismissal is warranted. Civ.R. 12(B)(6). *See State ex rel. Duffy v. Pittman*, 11th Dist. Portage No. 2006-P-0043, 2007-Ohio-346, ¶ 15.

{¶8} Respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.

THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., concur.