[Cite as *State v. Boyle*, 2022-Ohio-2887.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-42 |
| | : | |
| DAVID BOYLE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2022.

. . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

DAVID BOYLE, #A687-887, C.C.I., P.O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant David Boyle appeals from an order of the Greene County Common Pleas Court denying his "Request to Subpoena Specific Records." For the reasons outlined below, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} The history of this case was recently addressed in *State v. Boyle*, 2d Dist. Greene No. 2022-CA-7, 2022-Ohio-2165, ¶ 2-6:

In 2013, Boyle was indicted on 16 counts of rape involving his daughter. Following negotiations, Boyle entered a plea of guilty to six counts of rape in exchange for the dismissal of the remaining counts. No agreement was reached as to sentencing. The trial court sentenced Boyle to an aggregate prison term of 40 years and designated him a Tier III sex offender. The conviction was affirmed on appeal. *State v. Boyle*, 2d Dist. Greene No. 2013-CA-43, 2014-Ohio-1271.

On June 16, 2014, Boyle filed a pro se application to reopen his appeal pursuant to App.R. 26(B). We denied his application to reopen on September 29, 2014. Boyle filed three additional applications to reopen in 2016, 2020, and 2021, which were all denied by this Court.

On June 24, 2018, Boyle filed a "Motion to Dismiss Defective Indictment," in which he argued that the indictment violated his constitutional right to due process because it contained numerous undifferentiated counts of rape. Boyle claimed these "carbon-copy" counts failed to describe sufficiently the charges, thereby preventing him from

properly preparing his defense. The State filed a memorandum in opposition. The trial court overruled the motion, finding that Boyle's guilty plea waived any error associated with the indictment and that his claims were barred by the doctrine of res judicata. Boyle appealed, and we affirmed the judgment of the trial court. *See State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284.

On September 19, 2018, Boyle filed a "Petition for an Evidentiary Hearing," in which he alleged *Miranda* violations, speedy trial violations, insufficient evidence, and ineffective assistance of counsel. The trial court construed the motion as a petition for post-conviction relief and denied it as untimely on October 23, 2018.

On November 2, 2021, Boyle filed a "Motion for Fraud Upon the Court Pursuant to R.C. 2921.32(A)." The State filed a memorandum in opposition on December 1, 2021. The trial court again construed the motion as a petition for post-conviction relief and denied it as untimely on January 6, 2022.

This Court affirmed the trial court's decision denying Boyle's November 2021 motion as an untimely and successive petition for post-conviction relief. *Id.* at ¶ 16-17.

{¶ 3} After the trial court overruled Boyle's November motion, Boyle filed a "Request to Subpoena Specific Records." Boyle sought the following documents: grand jury transcripts, *Miranda* waivers, sworn affidavits from his defense attorneys, his own statements, statements made by the victim and two other witnesses, text messages, Ohio

Bureau of Criminal Investigation ("BCI") documents, and speedy trial time waivers. Boyle explained that he requested the records in order to demonstrate that his conviction had not been supported by the evidence and that his attorney had been ineffective. He later argued in his response to the State's reply that he was seeking the records to obtain possible newly-discovered evidence and to potentially show a *Brady* violation if, in fact, new evidence came to light.

{¶ 4} The trial court construed Boyle's motion as: (1) a petition for post-conviction relief, (2) a request for public records filed pursuant to R.C. 149.43, (3) a request for grand jury transcripts, and (4) a request for court records as defined by Sup.R. 44. To the extent the trial court construed Boyle's motion as a petition for post-conviction relief, a request for grand jury transcripts, and a request for public records, his motion was denied. To the extent that the motion sought court records, the trial court did not deny Boyle's motion but, instead, instructed Boyle to request those records from the Greene County Clerk of Courts and remit payment to the clerk for any costs of the copies. Boyle timely appealed.

{¶ 5} While not clear from his brief, it appears that Boyle argues on appeal that the trial court should have granted his request for various records, and that the trial court erred in denying his motion as an untimely petition for post-conviction relief. We find no merit to his arguments.

{¶ 6} We first note that prior to the filing of briefs, this Court questioned whether a portion of the trial court's decision constituted a final appealable order. Having found that the portion of the trial court's order denying Boyle's post-conviction request for grand

jury transcripts is not a final appealable order, we specifically limited the scope of this appeal to exclude review of the denial of his request for grand jury transcripts. Therefore, we will not consider that portion of the trial court's order in this opinion.

## II. Petition for Post-Conviction Relief

{¶ 7} The trial court first considered Boyle's "Request to Subpoena Specific Records" as an untimely and successive petition for post-conviction relief. The trial court found it lacked jurisdiction to consider Boyle's petition and denied it. Upon review, we find the trial court did not err in construing Boyle's motion as a petition for post-conviction relief and, thereafter, denying it.

{¶ 8} It is well-established that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). In his motion, Boyle requested the trial court to review certain documents from his case in order to prove to the trial court that his attorney was ineffective for various reasons. At the end, he asked that the trial court review the specifically identified records so that the court could see that he did not receive "a fair trial if one was to be had, a fair plea agreement, a fair direct appeal, a fair delayed appeal, post-conviction, state habea[s], or any other remedy that would be required[.]" While we

agree with the trial court that Boyle's motion was difficult to adequately categorize, we do not think it was unreasonable for the trial court to have construed his motion as an untimely petition for post-conviction relief.

{¶ 9} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment."  *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).  If a defendant has filed a direct appeal of his or her conviction, a petition for post-conviction relief must be filed no later than 365 days after the trial transcript is filed in the court of appeals in the direct appeal.  R.C. 2953.21(A)(2)(a).  Boyle filed a direct appeal of his conviction, and the transcript of proceedings was filed in this Court in August 2013.  The current petition for post-conviction relief was filed in January 2022, well beyond the 365-day deadline set forth in R.C. 2953.21(A)(2)(a).

{¶ 10} Where a defendant files an untimely petition for post-conviction relief, the trial court lacks jurisdiction to consider it, unless the untimeliness is excused under R.C. 2953.23(A)(1)(a).  *State v. Wells*, 2d Dist. Champaign No. 2010-CA-5, 2010-Ohio-3238, ¶ 10.  The untimely filing of a petition for post-conviction relief may be excused with a showing that either (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right.  R.C. 2953.23(A)(1)(a). Additionally, the petitioner must show by clear and convincing evidence that, if not for the constitutional error from which he or she suffered, no reasonable factfinder would have

found the petitioner guilty of the offense for which the defendant was convicted.   R.C. 2953.23(A)(1)(b).

{¶ 11} "We review a trial court's denial of a petition for postconviction relief without a hearing for an abuse of discretion."   (Citations omitted.)   *State v. Taylor*, 2021-Ohio-1670, 170 N.E.3d 1310, ¶ 40 (2d Dist.).   A trial court abuses its discretion when its decision evidences an attitude that is arbitrary, capricious, or unreasonable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Boyle has failed to allege or assert any facts that would satisfy the two-prong test set forth in R.C. 2953.23(A)(1).   Specifically, Boyle has failed to allege any facts that would establish he was unavoidably prevented from discovering the facts upon which he relies to present his claims, and he does not assert that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation.   Because Boyle did not satisfy the two-prong test to excuse the untimeliness of his petition, the trial court was without jurisdiction to consider his petition or provide the relief he requested.   *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 41.   As such, the trial court correctly denied Boyle's motion.

### III.   Request for Records

{¶ 13} Due to the ambiguity of Boyle's motion, the trial court considered the motion, in the alternative, as a request for public records.   Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time.   R.C. 149.43(B)(1).   "But when a requester seeks public records from a court, the Rules of Superintendence generally apply."   *State ex rel.*

*Ware v. Kurt*, Ohio Slip Opinion No. 2022-Ohio-1627, __ N.E.3d __, ¶ 11. Because the two categories of public records requests operate differently, it was necessary for the trial court to determine under which category Boyle's requests fell. The court found that the majority of the records requested fell under Ohio's Public Records Act codified in R.C. 149.43, while the court records fell under the Rules of Superintendence for the Courts of Ohio. To the extent that the trial court considered Boyle's motion a public records request, the trial court found that Boyle had not provided any information for the court to conclude that he was pursuing a justiciable claim and that the records sought were necessary to support that claim. To the extent the trial court considered Boyle's request for court records under the Rules of Superintendence, it explained that Boyle was entitled to request and obtain those records, but that he must direct his request to the Greene County Clerk of Courts and remit payment to the clerk for any costs for those copies. We agree with the trial court in both respects.

### a. Public Records Act

{¶ 14} While the Public Records Act should be applied "liberally in favor of broad access" to public records, there are some limitations. One such limitation is in R.C. 149.43(B)(8), which states, in relevant part, that:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject

to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 15} The statute "sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense." *State v. Gibson*, 2d Dist. Champaign No. 2006-CA-37, 2007-Ohio-7161, ¶ 13 (applying former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)). "A 'justiciable claim' is a claim that is properly brought before a court of justice for relief." *State v. Wilson*, 2d Dist. Montgomery No. 23737, 2011-Ohio-4195, ¶ 9. A justiciable claim does not exist where an inmate fails to identify "any pending proceeding with respect to which the requested documents would be material * * *." *State v. Atakpu*, 2d Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9, citing *Gibson* at ¶ 14.

{¶ 16} Orders denying an inmate's request for public records are reviewed under an abuse of discretion standard. *State v. Morris*, 2d Dist. Montgomery Nos. 26949 and 26960, 2017-Ohio-1196, ¶ 29, citing *Atakpu* at ¶ 7. A trial court abuses its discretion when the determination is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} There is no question that Boyle was an incarcerated individual pursuant to a criminal conviction as he was sentenced to a term of 40 years in prison as a result of his guilty pleas. The relevant records he sought included *Miranda* waivers, his own

statements, statements made by the victim and two other witnesses, text messages, and BCI documents—all of which concerned a criminal investigation or prosecution. The sworn affidavits Boyle requested of his defense attorneys did not exist and, therefore, could not be obtained from a public records request. The filed time waivers are addressed below as they fall under the category of court records. Because R.C. 149.43(B)(8) plainly applied, Boyle was required to show that the information he was seeking under the public records request was necessary to support a justiciable claim or defense.

{¶ 18} Given that Boyle's November 2021 petition for post-conviction relief was denied, there was no pending proceeding with respect to which the requested documents would be material. Boyle has not shown that any potentially cognizable claims remain justiciable in his case, which already has seen a direct appeal, multiple petitions for post-conviction relief, and a federal habeas corpus action. Further, because Boyle entered a negotiated guilty plea, which this Court affirmed on direct appeal, it is difficult to conceive how Boyle could show that the documents he sought were necessary to support a justiciable claim or defense, inasmuch as Boyle's guilty pleas constitute a complete admission of guilt. Crim.R. 11(B)(1). Thus, any claims pertaining to factual guilt, such as witness statements or text messages, are irrelevant. Accordingly, the trial court did not abuse its discretion when it determined Boyle had failed to demonstrate that the information sought in the public record was necessary to support what appears to be a justiciable claim.

### b. Rules of Superintendence for the Courts of Ohio

**{¶ 19}** "Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009." *State ex rel. Richfield v. Laria*, 138 Ohio St. 3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 8. The superintendence rules define "court record" as both a "case document" and an "administrative document." Sup.R. 44(B). Relevant here, the term "case document" means a document or information submitted to a court or filed with a clerk of courts in a judicial action or proceeding (e.g., exhibits, pleadings, orders), as well as any document prepared by the court or the clerk of courts in the judicial action or proceeding (e.g., journals, dockets), subject to certain exceptions. Sup.R. 44(C)(1).

**{¶ 20}** Of the documents requested by Boyle, only the speedy trial time waivers filed with the clerk of courts were subject to the Rules of Superintendence for the Courts of Ohio. Those records were accessible through the Greene County Clerk of Courts' office. Pursuant to Greene County Common Pleas Court Local Rules of Practice and Procedure 1.08(I)(A), the clerk of courts is responsible for filing and maintaining all documents delivered to the clerk's office. Upon request and the payment of a photocopy fee, the clerk will provide copies of any original document maintained by its office within a reasonable period of time. Gr. Co. C.P.R. 1.08(II)(C). *See also* Sup.R. 45(B)(4) (allowing charges for actual costs or deposit of estimated actual costs incurred in responding to a request for a court record). Thus, the trial court was correct in informing Boyle that he was entitled to the documents, but that the request must be made to the Greene County Clerk of Courts and payment must be made to cover the costs of those

copies.

{¶ 21} Having found no errors in the trial court's order, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Megan A. Hammond
David Boyle
Hon. Adolfo A. Tornichio