[Cite as *State v. Wilson*, 2026-Ohio-763.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
|      Appellee | :   C.A. No. 30594 |
| | : |
| v. | :   Trial Court Case No. 2006 CR 04325 |
| | : |
| JOSHUA EUGENE WILSON | :   (Criminal Appeal from Common Pleas Court) |
| | : |
|      Appellant | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 6, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

MONTGOMERY C.A. No. 30594


JOSHUA EUGENE WILSON, Appellant, Pro Se
ANDREW T. FRENCH, Attorney for Appellee


HUFFMAN, J.

{¶ 1} Joshua E. Wilson appeals from a decision and entry of the Montgomery County Court of Common Pleas denying his motion for public records. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} This court previously affirmed Wilson's 2007 conviction for murder and felonious assault. *State v. Wilson*, 2008-Ohio-4130 (2d Dist.). In January and February 2025, Wilson filed in the trial court two pro se motions for public records pursuant to R.C. 149.43(B)(8). In his first motion, he sought fingernail scrapings, a Bic lighter, an "AA Kit," and miscellaneous clothing from the prosecutor's office and/or the Dayton Police Department, and he further requested the identity of the officers who collected the evidence, the identity of those from whom the evidence was retrieved, information regarding whether any testing was performed on the items, and if not, why not, and any and all documents related to the case. Wilson also sought an accounting of any lost, destroyed, or transferred evidence. Citing *State v. Askew*, 2017-Ohio-1512 (11th Dist.), Wilson asserted that "R.C. 149.43(B)(8) does not require a pending justiciable claim." He claimed that he "has continually maintained his innocence," and that the information he sought was "necessary to support what appears to be a 'Justiciable Claim' of a meritorious Motion being filed" based upon prosecutorial misconduct, ineffective assistance of counsel, and a *Brady* violation. He further argued that the information he sought "will also support his Motion for Leave and

Motion for New Trial that is pending in the Court of Appeals Case No. CA 030178."[1]

{¶ 3} In his second motion, Wilson sought access to multiple files and records in the possession of attorneys involved in his case, as well as the court, to support his claims of ineffective assistance of counsel and prosecutorial misconduct. The State opposed the motions.

{¶ 4} On August 8, 2025, the trial court issued the decision at issue in this appeal. It was significant to the court that Wilson failed to obtain a finding from the sentencing judge or the judge's successor that the requested information was necessary to support what appeared to be a justiciable claim. Citing in part *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2006-Ohio-4574, the court further noted that Wilson exhausted his direct appeals and accordingly could not avail himself of R.C. 149.43 to support a petition for post-conviction relief, and that Wilson nevertheless appeared to be using the statute to gather evidence to support such a petition.

### Assignments of Error and Analysis

{¶ 5} Wilson asserts that he was entitled to the public records he requested and that the trial court erred in failing to so find. He directs our attention to *State ex rel. Caster v. Columbus*, 2016-Ohio-8394, which he claims "fundamentally altered Ohio's public records law for criminal defendants." According to Wilson, the trial court "relied exclusively on precedent that predates and was effectively overruled" by *Caster*. Wilson acknowledges that he "seeks records to investigate potential grounds for post-conviction relief under R.C. 2953.23," and he argues that doing so "constitutes a justiciable claim."

---

[1] On January 9, 2024, Wilson filed a pro se motion for leave to file a motion to vacate his conviction under the postconviction relief statute or, in the alternative, a motion for leave to file a motion for new trial pursuant to Crim.R. 33. On January 12, 2024, without leave of court, Wilson filed a motion for new trial under Crim.R. 33(A)(2)(C). The trial court overruled the motions on May 29, 2024.

3

**{¶ 6}** "An inmate may seek appellate review of a trial court's denial of his request for public records. Such orders are reviewed for an abuse of discretion." *State v. Shontee*, 2022-Ohio-4319, ¶ 7 (2d Dist.), citing *State v. Lather*, 2009-Ohio-3215, ¶ 11 (6th Dist.), citing *State ex rel. Rittner v. Barber*, 2006-Ohio-592, ¶ 31 (6th Dist.). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). Most instances of abuse of discretion occur when a trial court makes a decision that is unreasonable. *State v. Gilbreath*, 2022-Ohio-3759, ¶ 8 (2d Dist.), citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Id.*, quoting *AAAA Ents.* "'Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.'" *State v. Ogletree*, 2014-Ohio-3431, ¶ 11 (2d Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521 527 (1992).

*R.C. 149.43(B)(8)*

**{¶ 7}** As an inmate, R.C. 149.43(B)(8) applied to Wilson's public records request. In pertinent part, that provision states:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to obtain a copy of any public record concerning a criminal investigation or prosecution . . . unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence . . . or the judge's

4

successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8).

{¶ 8} "Through the passage of R.C. 149.43(B)(8), '[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources.'" *State v. Rodriguez*, 2014-Ohio-2583, ¶ 13 (12th Dist.), quoting *State ex rel. Russell v. Thornton,* 2006–Ohio–5858, ¶ 14. "The statute 'sets forth heightened requirements for inmates seeking public records, and [it] requires an incarcerated criminal defendant to demonstrate that the information he is seeking pursuant to R.C. 149.43 is necessary to support a justiciable claim or defense.'" *State v. Boyle*, 2022-Ohio-2887, ¶ 15 (2d Dist.), quoting *State v. Gibson*, 2007-Ohio-7161, ¶ 13 (2d Dist.) (applying former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)).

{¶ 9} "A 'justiciable claim' is a claim properly brought before a court of justice for relief." *State v. Wilson*, 2011-Ohio-4195, ¶ 9 (2d Dist.). Establishing such a claim "ordinarily involves identifying a 'pending proceeding with respect to which the requested documents would be material.'" *Rodriguez*, ¶ 14, quoting *State v. Rodriguez,* 2014-Ohio-1313, ¶ 5 (6th Dist.); *Wilson* at ¶ 5. "[W]here an incarcerated defendant [does] not identify any pending proceeding with respect to which the requested documents would be material, the trial court [does] not err in overruling a public records request." *State v. Atakpu*, 2013-Ohio-4392, ¶ 9 (2d Dist.), citing *Gibson* at 14. The "law is clear that [an inmate] cannot sufficiently carry his burden of showing a justiciable claim by merely alluding to *possible* future proceedings that *could* result from access to the records." *State v. Wofford*, 2016-Ohio-7188*,* ¶ 15 (12th Dist.); *accord State v. Carr*, 2019-Ohio-3802, ¶ 24 (2d Dist.), quoting *Wofford* at ¶ 15.

5

{¶ 10} As the State asserts, at the time Wilson made his public records requests, "there were no motions or other proceedings pending in the trial court to which the requested documents would be relevant." Because Wilson failed to identify any pending proceeding with respect to which the requested documents would be material, the trial court did not err in overruling his motions. While we recognize that the Eleventh District found *Atakpu* "not persuasive," and further concluded that R.C. 149.43(B)(8) "does not require that a justiciable claim is pending, only that the inmate has a justiciable claim to be advanced," we disagree. *Askew,* 2017-Ohio-1512, at ¶ 12 (11th Dist.).

{¶ 11} Further, Wilson mischaracterizes *Caster*, 2016-Ohio-8394. Therein, an attorney engaged by the Ohio Innocence Project petitioned for a writ of mandamus to compel the City of Columbus to comply with a public records request for law enforcement records relating to an inmate who was convicted of murder in 2007, and whose direct appeals ended years earlier. As the State asserts, the application of R.C. 148.43(B)(8) was not at issue therein. *Caster* held that "the specific-investigatory-work-product exception of R.C. 149.43(A)(2)(c) does not extend beyond the completion of the trial for which the information was gathered." *Id.* at ¶ 47. *Caster* found "a clear legal right to the requested records and that respondents had a clear legal duty to provide the records in accordance with R.C. 149.43(B)(1)." *Id.* at ¶ 54.

{¶ 12} The "Ohio Supreme Court has held that its decision in *Caster* does not affect an incarcerated person's obligation to comply with R.C. 149.43(B)(8)." *Shontee*, 2022-Ohio-4319, at ¶ 11, (2d Dist.), citing *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2019-Ohio-4201, ¶ 11-12. As set forth above, Wilson was required to identify a pending proceeding with respect to which the requested information would be material. Wilson's reliance upon *Caster* is misplaced.

6

*Res Judicata*

**{¶ 13}** Finally, this court affirmed the decision of the trial court denying Wilson's motion for leave to file a motion for a new trial on February 7, 2025. *State v. Wilson*, 2025-Ohio-392 (2d Dist.), *appeal not accepted*, 2025-Ohio-1483. The fingernail scrapings, Bic lighter, the "AA Kit," and the miscellaneous clothing were addressed by the trial court therein, and in affirming the judgment of the trial court, this court found that "the items on which Wilson relied did not create a strong probability of a different result at trial, *given the overwhelming evidence of Wilson's guilt*." (Emphasis added.) *Id.* at ¶ 27.

**{¶ 14}** The doctrine of res judicata is well established: "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382 (1995). In other words, "'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'" *Id.,* quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60 (1960). Wilson raised the issue of the same records in his motion to vacate his conviction under the postconviction relief statute and alternative motion for leave to file a motion for a new trial. Res judicata applies to his motions for public records whether or not he established a justiciable claim.

**Conclusion**

**{¶ 15}** Based upon the foregoing, and in the absence of an abuse of discretion, Wilson's sole assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.

7